UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA FARR,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC CO.,<br><br>        Defendant. | Case No. 21-cv-08099-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 7 |

       Now before the Court is the motion to dismiss filed by Defendant Pacific Gas & Electric Co. ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court GRANTS the Defendant's motion to dismiss with leave to amend.

## BACKGROUND

       Plaintiff Cynthia Farr ("Plaintiff") was an employee of Defendant and alleges that she was injured at work in May 2017, was injured in an automobile accident and took time off work in April 2018, and then witnessed a "live shooter incident" while at work in July 2018. (Complaint at ¶¶ 6, 13-17, 24.) On October 21, 2019, Plaintiff filed a claim against Defendant in United States Bankruptcy Court for alleged wrongful acts from May 2017 to the date of her claim. (*Id.* at ¶ 33.) On October 22, 2019, Defendant fired Plaintiff. (*Id.* at ¶ 34.)

       On October 28, 2019, Plaintiff complained to counsel for Defendant about her termination, with a copy sent to the United States Equal Opportunity Commission ("EEOC") as well as

1  additional copies to the State Labor Commissioner and the United States Occupational Safety &
2  Health Administration ("OSHA").  (*Id.* at ¶¶ 35-37.)  On October 29, 2019, the alleged retaliation
3  against Plaintiff was reported to the National Labor Relations Board ("NLRB").  (*Id.* at ¶ 38.)
4  Plaintiff alleges that on November 10, 2019, she filed a complaint against Defendant directly
5  before the EEOC.  (*Id.* at ¶ 39.)  On January 2, 2020, Defendant terminated the grievance and
6  Plaintiff was reinstated effective January 6, 2020.  (*Id.* at ¶ 40.)

7  The Court shall address other relevant facts in the remainder of its order.

## ANALYSIS

### A.   Appliable Legal Standards.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  However, the Court may consider "documents incorporated into the complaint by reference and matters of which [the Court] may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("*Tellabs*").  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.    Wrongful Discharge in Violation of Public Policy.**

In her first cause of action, Plaintiff alleges that she was wrongfully discharged in retaliation for filing her claim against Defendant in Bankruptcy Court and that the termination was "substantially motivated by a violation of public policy." (Compl. ¶ 46.)

Defendant moves to dismiss this first cause of action on the basis that wrongful discharge in violation of public policy creates only a state law cause of action, not a federal common law cause of action. *See, e.g., Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) ("It is state, not federal, law that create the cause of action for wrongful discharge in violation of public policy."); *see also Runyan v. River Rock Entertainment Authority*, 2008 WL 33827783, at *8 (N.D. Cal. Aug. 8, 2008) (holding that Plaintiff's "wrongful termination in violation of public policy claim is … a state law claim based on federal standards of conduct … That circumstance should not and does not open the door to federal court.").

In her opposition to the motion, Plaintiff concedes that her wrongful termination in violation of public policy is indeed a state law claim "[u]nder California employment law." (Opp. Br. at 2-4.) Without federal jurisdiction established by the remaining causes of action, the Court does not exercise pendent jurisdiction and dismisses the first state law cause of action for wrongful discharge for failure to state a claim under federal law and it is dismissed. *See* 28 U.S.C. § 1367.

**C.    Discrimination Under Title VII.**

In her second cause of action, Plaintiff alleges that she was subjected to discrimination in violation of her rights under the Civil Rights Act of 1964. (Compl. at ¶ 48, citing 2 U.S.C. § 2000e-5.)

In order to establish federal jurisdiction over a discrimination action under Title VII, a plaintiff must exhaust her administrative remedies before the EEOC prior to seeking federal adjudication of her employment discrimination claims. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). A plaintiff must first file a timely complaint with the EEOC charging the accused party with discrimination. 42 U.S.C. § 2000e-5 (Title VII enforcement procedures). If the EEOC chooses not to pursue the claim and issues the claimant a Right to Sue Letter, then the claimant must file suit in federal court within 90 days after receipt of the letter. *See* 42 U.S.C. § 2000e-

3

1    5(f)(1). "The jurisdictional scope of a … claimant's court action depends upon the scope of both

2    the EEOC charge and the EEOC investigation." *Id.* (citing *Green v. Los Angeles County*

3    *Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989)).

4          Here, although Plaintiff alleges that she filed a complaint directly before the EEOC, she

5    has failed to submit an EEOC complaint before this Court and has failed to allege that she

6    received a right-to-sue letter from the EEOC and filed this current action within 90 days of such

7    receipt. Accordingly, Plaintiff has not properly pled that she has exhausted her administrative

8    remedies and the Court lacks jurisdiction to hear her second cause of action for discrimination

9    under Title VII and it is dismissed.

10   **D.   Retaliation Under the Occupational Safety & Health Act.**

11         In her third cause of action, Plaintiff alleges retaliation for protected disclosures pursuant

12   to her rights under the Occupational Safety & Health Act ("OSH Act"), 29 U.S.C. § 654. The

13   OSH Act expressly provides for enforcement of its safety and health standards through

14   administrative procedures. *See* 29 U.S.C. § 660(c)(2) ("Any employee who believes that he has

15   been discharged or otherwise discriminated against by any person in violation of this subsection

16   may, within thirty days after such violation occurs, file a complaint with the Secretary alleging

17   such discrimination."). The section of the OSH Act which prohibits retaliation for the filing of a

18   complaint with the Secretary of OSHA neither expressly nor impliedly provides a private cause of

19   action for retaliation. *See* 29 U.S.C. § 660(c); *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed.

20   App'x 685, 687 (9th Cir. 2008) ("OSHA does not provide a private cause of action").

21         From the complaint and her opposition to the motion to dismiss, it is unclear whether

22   Plaintiff filed the appropriate complaint with the Secretary. Simply copying OSHA on an email to

23   Defendant's counsel about Plaintiff's alleged retaliation does not constitute a formal complaint

24   filed with the Department of Labor as required by the OSH Act. *See* 29 U.S.C. § 660(c); *see also*

25   Compl. ¶ 37.

26         Accordingly, because Plaintiff fails to allege that she actually filed a complaint with the

27   Secretary of OSHA and because the OSH Act provides specific procedures by which Plaintiff

28   must raise her retaliation claims and does not provide a private right of action, Plaintiff has not

properly pled a third cause of action for retaliation under the OSH Act and it is dismissed.[1]

### E. Unfair Labor Practice in Violation of National Labor Relations Act.

In her fourth cause of action, Plaintiff alleges that Defendant violated a grievance settlement associated with her termination of employment in violation of the National Labor Relations Act ("NLRA"). (Compl. ¶ 50, citing 29 U.S.C. § 158.) In her opposition to the motion to dismiss, Plaintiff asserts that Defendant promised to restore her Health Savings Account and Health Reimbursement Arrangements accounts, but that Defendant "reneged on that promise." (Opp. Br. at 8.) Plaintiff also alleges that "the alleged retaliation was reported to the National Labor Relations Board (NLRB)." (Compl. ¶ 38.)

The NLRA established the NLRB and conferred upon it the exclusive jurisdiction to adjudicate unfair labor practices. 29 U.S.C. § 160(a); *San Diego Bldg. Traders Council, Millman's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959) (holding that it is well settled law that when "an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.").

To the extent Plaintiff intended to bring a claim against Defendant for alleged breach of a collective bargaining agreement (the grievance settlement agreement), she is precluded from bringing that claim directly against Defendant only. "Subject to very limited judicial review, [the employee] will be bound by the result according to the finality provisions of the [CBA grievance procedure]." *DelCostello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 164 (1983). A plaintiff may avoid the finality of the contractual grievance procedure only "when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id.* at 163. To recover directly against the employer, "[t]he employee must prove *both* the employer's breach of the agreement and the union's breach of duty, even if the employee brings suit against only one

---

[1] To the extent Plaintiff can demonstrate that she complained to OSHA and that she was discharged by Defendant as a result, she may be able to allege a state law cause of action under California Labor Code section 6310.

defendant." *Eason v. Waste Management of Alameda County*, 2007 WL 2255231, at *5 (N.D. Cal. Aug. 3, 2007) (emphasis in original) (citing *DelCostello*, 462 U.S. at 165). This is called a hybrid Section 301 action, which alleges that the employer breached the agreement and that the union breached its duty of fair representation, and it must be filed within six months of the conclusion of the contractual grievance process. *DelCostello*, 462 U.S. at 169-70.

It does not appear from the record before this Court that Plaintiff has made a claim that the union breached its duty of fair representation in connection with the agreement or that such a claim was made within six months of the date upon which the union allegedly breached its duty. *See De'Sart v. Pacific Gas & Electric, Inc.*, 2018 WL 3545927, at *5 (C.D. Cal. July 18, 2018). Accordingly, the fourth cause of action for violation of the NLRA is dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss in its entirety. Although the Court finds that each of the four causes of action must be dismissed, the Court GRANTS Plaintiff leave to amend. *See, e.g., Reddy*, 912 F.2d at 296; *Cook, Perkiss & Liehe*, 911 F.2d at 246-47 (holding that leave to amend should generally be freely granted). Any amended complaint shall be due by no later than May 27, 2022.

**IT IS SO ORDERED.**

Dated: April 21, 2022

_____
JEFFREY S. WHITE
United States District Judge